110 N.J. Super. 149 (1970)
264 A.2d 735
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN J. CUSICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1970.
Decided April 29, 1970.
Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Arnold B. Levin, Assistant Prosecutor, argued the cause for appellant (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
Mr. Philip J. Blanda, Jr. argued the cause for respondent (Messrs. Blanda and Blanda, attorneys).
*150 The opinion of the court was delivered by GOLDMANN, P.J.A.D.
The State, pursuant to leave granted, appeals from a County Court order granting defendant's motion to suppress evidence because obtained without a warrant.
At about 1 A.M. Officer Moon was on patrol duty when defendant passed him, driving at a high rate of speed westbound on Route 36 in Middletown Township. The officer immediately took up pursuit and clocked defendant travelling at 73 m.p.h. in a 50-mile speed zone. Defendant's vehicle changed lanes three times without signalling, weaved slightly, rode the white dotted line separating the lanes, and nearly hit another car by cutting in front of it. Moon finally stopped defendant's vehicle some three miles after first observing it and asked defendant to exhibit his driver's license and vehicle registration. He produced a proper registration, but the driver's license exhibited by him had expired. Moon testified that defendant's speech was slurred, he had a strong odor of alcohol on his breath, and swayed from side to side as he stood on the highway while Moon examined the license and registration. Moon placed defendant under arrest for driving while under the influence of alcohol, a violation of N.J.S.A. 39:4-50(a). Officer Mulvey arrived on the scene and, while he stood with defendant, Moon searched defendant's car for any bottle of liquor from which defendant might have been drinking. In the course of doing so he found a revolver underneath the driver's seat.
In response to questions put on cross-examination, Moon said defendant had been courteous, made no menacing gestures, was polite and cooperative, and willingly produced the driver's license and registration.
In granting defendant's motion to suppress, the judge said that he did not think there was any reasonable ground to suspect there would be a bottle in the car and so no ground for a warrantless search.
The State thereafter moved for a rehearing. The motion was denied and the earlier decision reaffirmed. In the course *151 of the colloquy the judge observed that driving while under the influence of alcohol was not a crime, liquor was not contraband, and the search was not one for an object which might be dangerous to the arresting officer.
The constitutional guarantee against warrantless searches and seizures, which finds expression in the Fourth Amendment to the United States Constitution, embodies the test of reasonableness. It is only the unreasonable search and seizure that is condemned. State v. Carter, 54 N.J. 436, 448 (1969). In our view, there was probable cause to justify Officer Moon's arresting defendant for drunken driving, and the subsequent search did not violate the Fourth Amendment.
Although drunken driving is not a crime, it is a serious traffic offense. We hold that it is not unconstitutional for a police officer to search for alcohol as an incident to an arrest for drunken driving. In State v. Boykins, 50 N.J. 73 (1967), Chief Justice Weintraub, by way of dictum, held reasonable a search for intoxicating liquor following an arrest for driving while under the influence of alcohol. He said:
Surely not every traffic violation will justify a search of every part of the vehicle. See, generally, annotation, 10 A.L.R.3d 314 (1966). A traffic violation as such will justify a search for things related to it. So, for example, if the operator is unable to produce proof of registration, the officer may search the car for evidence of ownership. People v. Prochnau, [251 Cal. App.2d 22] 59 Cal. Rptr. 265 (Ct. App. 1967); Draper v. State of Maryland, 265 F. Supp. 718 (D. Md. 1967); or if the officer has reason to believe the driver is under the influence of liquor or drugs, he may search the car for alcohol or narcotics, State v. Parker, 81 Idaho 51, 336 P.2d 318 (Sup. Ct. 1959); People v. Jackson, 241 Cal. App.2d 189, 50 Cal. Rptr. 437 (Dist. Ct. App. 1966). The State argues before us that the search here made could be justified on the latter ground. It could, if the officer had testified that the driver's behavior or condition had suggested he was under such influence but the record is silent in that regard. [at 77; emphasis added]
Cf. State v. Campbell, 53 N.J. 230, 233-237 (1969); and see Annotation, 10 A.L.R.3d 314, 332 (1966); United States v. Thompson, 420 F.2d 536, 540-541 (3 Cir.1970).
*152 Although a search is not justified as an incident to every traffic violation, State v. Boykins, above, it is clear that a search is justified in those instances where its purpose is to gather things connected or related to the traffic violation for which the arrest was made. A search of a car where the driver was arrested for a faulty directional signal would be unreasonable; however, a search for intoxicating liquor incidental to a justifiable arrest for drunken driving is reasonable, for such a search is directed towards and may in fact produce evidence related to the offense for which the arrest was made.
Reversed and remanded for a full trial.
MATTHEWS, J.A.D. (concurring).
The presence of intoxicating liquor in a motor vehicle is not a violation of any law, nor is such liquor contraband in this State. Considering the provisions of N.J.S.A. 39:4-50.1 through 39:4-50.5, the presence or absence of an intoxicating beverage in a motor vehicle, when a motorist is stopped by the police for apparent operation while under the influence of liquor, as was the case here, is immaterial to subsequent proof of the charge. Intoxication may be established by lay evidence. State v. Pichadou, 34 N.J. Super. 177, 180 (App. Div. 1955); State v. Burger, 74 N.J. Super. 208, 214 (App. Div. 1962). In view of the obiter quoted from State v. Boykins, 50 N.J. 73, 77 (1967), however, I find myself obliged to concur. Cf. Carianni v. Schwenker, 38 N.J. Super. 350, 359 (App. Div. 1955).