116 N.J. Super. 482 (1971)
282 A.2d 781
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN C. CUSICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1971.
Decided October 22, 1971.
*483 Before Judges GOLDMANN, COLLESTER and MINTZ.
Mr. Philip J. Blanda argued the cause for appellant (Messrs. Blanda and Blanda, attorneys).
Mr. Edward Roy Rosen, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
*484 The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Defendant appeals his conviction on an indictment charging him with carrying a weapon without the requisite permit, in violation of N.J.S.A. 2A:151-41. We affirm.
At about 1 A.M. on September 16, 1968 Officer Moon of the Middletown Township Police Department observed a 1963 Chevrolet traveling on Route 36 at a high rate of speed. According to his testimony, he saw the car change lanes three times without signaling, change from the fast to the slow lane and cut in front of another vehicle, weave slightly, and ride the white line separating the lanes. He stopped the car, asked defendant to produce his driver's license and registration, and found that the license had expired. Moon said he smelled a strong odor of alcohol on defendant's breath; his speech was slurred, and he swayed from side to side while standing near his car. The officer then arrested defendant for driving while under the influence of alcohol (N.J.S.A. 39:4-50(a)), and also issued a summons for speeding (N.J.S.A. 39:4-98).
At that moment Officer Mulvey arrived on the scene and, while he stayed with defendant, Moon searched the driver's side of the car for unconsumed alcohol and found a revolver under the front seat, loaded with five shells. Moon testified that defendant was courteous and did not threaten him.
On September 12, 1969 defendant's motion to suppress the evidence (revolver) because obtained without a search warrant was granted by the County Court judge. The State moved for a rehearing, and that motion was denied by the same judge after argument. The State then sought leave to appeal. We granted leave, reversed, and remanded the case for a full trial on the merits. State v. Cusick, 110 N.J. Super. 149 (1970). We said that although drunken driving is not a crime, it constitutes a serious traffic offense. (See State v. Emery, 27 N.J. 348, 353 (1958), denoting the offense as quasi-criminal.) Our flat holding in Cusick was that is it not unconstitutional for a police officer to search *485 for alcohol as an incident to an arrest for drunken driving, citing the dictum in State v. Boykins, 50 N.J. 73, 77 (1967).
Defendant's subsequent motion for leave to appeal to the Supreme Court from our decision was denied. The trial followed, the jury found defendant guilty as charged, and a fine of $200 and costs was imposed. This appeal ensued.
Defendant first argues that his arrest for drunken driving, standing alone, did not authorize the warrantless search of his automobile for the purpose of ascertaining the existence of unconsumed alcohol. In effect, he asks us to reverse our earlier holding and disregard what was said there. The issue now raised was decided on the merits in the prior appeal and, even though it be of constitutional dimension, may not be relitigated here. State v. Smith, 43 N.J. 67, 74 (1964), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965). Our decision became the law of the case and was, of course, binding upon the trial court on remand. Deverman v. Stevens Builders, Inc., 35 N.J. Super. 300, 302 (App. Div. 1955).
It is next argued that it was error for the trial judge to prohibit defendant from introducing testimony to show that his possession of the weapon fell within the exception of N.J.S.A. 2A:151-42. Counsel in his opening had said that part of the defense would be that defendant's actions came within the purview of the statute. The prosecutor objected and the trial judge, after hearing argument, ruled as a matter of law that evidence of the kind proposed was inadmissible under the circumstances of the case.
N.J.S.A. 2A:151-41 makes it a crime for any person to carry or possess in any automobile a pistol or revolver without first having obtained a permit to carry it. N.J.S.A. 2A:151-42(a), on which defendant relies, recites that nothing contained in 2A:151-41 shall be construed "to prevent a person from keeping or carrying about his place of business, dwelling house, premises, or on any land possessed by him, any firearm * * *." The construction and applicability of *486 the latter statute was a matter for judicial determination and not a question of fact for the jury to decide. Cf. State v. Provenzano, 34 N.J. 318 (1961); Hintenberger v. Garfield, 49 N.J. Super. 175 (Law Div. 1958), aff'd 52 N.J. Super. 526 (App. Div. 1958). The trial judge was correct, both in the ruling he made on defendant's opening and when he read the statute to the jury and charged that its exceptions were not applicable.
The statutory exceptions clearly refer to an establishment, a structure or land, and not to a private automobile or mobile piece of equipment. All that defendant proposed to present was that as manager-proprietor of a business in Union City, Hudson County, which maintained a bank depository in Monmouth County, he would transport business receipts from Union City to Monmouth County. Fearing that he might be the victim of a robbery, he possessed and carried the gun in his car. Clearly, defendant's place of business was not the automobile, but his Union City establishment. The car itself was not registered under a business name and it was used by defendant as his personal means of transportation.
Finally, defendant claims that the trial judge committed plain error in his charge to the jury with respect to intent to possess and in stating that the statutory exception above referred to did not apply. We have dealt with the latter claim. As for the former, the judge fully charged the elements of possession  intent to possess, ability to effectively control the item involved, and awareness or knowledge of what the item is  and gave the jury some practical illustrations. He said that intent could be found from the surrounding circumstances, and properly distinguished intent from motive. He also charged on actual and constructive possession. We have carefully examined the charge and find that it fully instructed the jury in conformance with the applicable principles of law.
Defendant admitted that he knowingly placed and carried the gun in his automobile. The trial judge was entirely *487 correct in precluding testimony with respect to defendant's reasons for having the gun with him. Those reasons went to motive, but had nothing to do with an intent to possess and control. It is not the purpose for which the gun is to be used or the reason for carrying it that is illegal, but its possession without a permit. See State v. Labato, 7 N.J. 137, 149-150 (1951).
The conviction is affirmed.