NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5496-14T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SHAWN D. HOLLABAUGH, a/k/a
SHAWN DAVID HOLLABAUGH, SEAN
HOLABAUGH and SHAUN HOLABAUGH,

 Defendant-Appellant.

_____________________________________

 Submitted March 8, 2017 – Decided September 14, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County,
 Indictment Nos. 08-04-0724 and 11-05-0671, and
 Accusation Nos. 11-12-0350 and 12-02-0049.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Ruth E. Hunter, Designated
 Counsel, on the brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Jason M. Boudwin,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant appeals from the July 2, 2015 order of the trial

court denying his motion for a reduction of sentence. We affirm.

 This case has an extensive procedural history, all of which

is pertinent to this appeal. On October 17, 2008, defendant pled

guilty to third-degree burglary, N.J.S.A. 2C:18-2, charged in

Indictment No. 08-04-0724 (the 2008 indictment), and on February

27, 2009, he received a three-year suspended sentence, N.J.S.A.

2C:43-2(b).1 Thereafter, defendant violated the conditions of his

suspended sentence by pleading guilty to two disorderly persons

offenses2 and two motor vehicle violations.3 On April 28, 2010,

he was re-sentenced to five years probation conditioned upon

serving 364 days in the county jail.

 On December 8, 2011, defendant entered a negotiated guilty

plea to third-degree possession of a controlled dangerous

substance, namely oxycodone, N.J.S.A. 2C:35-10(a)(1), charged in

1
 Defendant pled guilty while he was completing the Intensive
Supervision Program (ISP) for an unrelated charge. When defendant
appeared for sentencing, he had successfully completed ISP.
2
 The disorderly persons offenses consisted of bad checks, N.J.S.A.
2C:21-5, and shoplifting, N.J.S.A. 2C:20-11(c)(4), for which he
received a one-year probationary term on each offense, to run
concurrent with each other.
3
 The motor vehicle violations consisted of careless driving,
N.J.S.A. 39:4-97, and driving while license revoked, N.J.S.A.
39:3-40. The mandatory fines, penalties and driver's license
suspension were imposed along with a concurrent ten-day jail term
on the driving while license revoked violation.

 2 A-5496-14T2
Indictment No. 11-05-0671 (the 2011 indictment), and third-degree

theft, N.J.S.A. 2C:20-3, charged in Accusation No. 11-12-0350 (the

2011 accusation). In exchange, the State recommended a five-year

probationary sentence in drug court, as an alternative to a prison

sentence. Pursuant to the plea agreement, if defendant violated

his drug court probation, the alternative sentence recommendation

was a five-year term with a two-and-one-half year period of parole

ineligibility on the drug possession charge, a consecutive four-

year term with a two-year period of parole ineligibility on the

theft charge, and a consecutive sentence on the 2008 indictment.

On February 2, 2012, defendant was sentenced in accordance with

the plea agreement, despite the court finding that aggravating

factors three, six and nine, N.J.S.A. 2C:44-1(a)(3), (6), (9),

substantially outweighed mitigating factor ten, N.J.S.A. 2C:44-

1(b)(10).

 While defendant's sentencing was pending on the drug

possession and theft charges, he was released from jail but was

subject to certain conditions, including undergoing drug testing.

Five days after he was released from jail, he violated a court

order by leaving the courthouse after he failed a drug test. As

a result, he was charged in Accusation No. 12-02-049 (the 2012

accusation) with two counts of third-degree bail jumping, N.J.S.A.

2C:29-7. On February 22, 2012, defendant entered another

 3 A-5496-14T2
negotiated guilty plea to the 2012 accusation. In accordance with

this plea agreement, defendant received a concurrent five-year

probationary sentence in drug court as an alternative to a

concurrent five-year term of imprisonment on each count if he

violated his probation. The court found the same aggravating and

mitigation factors as those found at the February 2, 2012

sentencing.

 On April 10, 2013, defendant pled guilty to violating his

drug court probation and was sentenced to a four-year term of

imprisonment with a two-and-one-half year period of parole

ineligibility on the 2011 accusation; an aggregate consecutive

five-year term of imprisonment with a two-and-one-half year period

of parole ineligibility on the 2012 accusation; a concurrent five-

year term of imprisonment with a two-and-one-half year period of

parole ineligibility on the 2011 indictment; and a concurrent

four-year term of imprisonment on the 2008 indictment, for an

aggregate term of nine years with a five-year period of parole

ineligibility. The court found the same aggravating factors, but

no longer found mitigating factor ten based on defendant's

violation of probation.

 Defendant's direct appeal was heard by the excessive sentence

panel, R. 2:9-11, during which the State conceded that the two-

and-one-half year period of parole ineligibility imposed on the

 4 A-5496-14T2
2011 accusation was an illegal sentence. By order dated September

16, 2014, the panel remanded the matter

 for reconsideration of sentence in light of
 State v. Bishop, 429 N.J. Super. 533 (App.
 Div. 2013) (noting that for persons convicted
 of third or fourth degree offenses "with a
 prior record, there is no presumption either
 for or against state prison;" and further
 noting the analytical framework for sentencing
 on a violation of probation as set forth in
 State v. Baylass, 114 N.J. 169, 178 [(1989)]
 "does not apply to prison-bound offenders
 sentenced to special probation").

 At the remand hearing conducted on November 13, 2014,

defendant was resentenced to an aggregate nine-year term of

imprisonment with a four-and-one-half year period of parole

ineligibility resulting from the reduction of the period of parole

ineligibility imposed on the 2011 accusation. After considering

Baylass, supra, and Bishop, supra, the sentencing judge found the

same aggravating factors and reiterated that defendant had

violated his drug court probation and was subject to the

alternative prison sentence in accordance with the terms of his

previously negotiated plea agreement.

 On April 2, 2015, defendant appealed his resentence, which

was heard by a different excessive sentence panel.4 On September

4
 The State correctly pointed out during oral argument that, in
fact, under the terms of defendant's December 8, 2011 and February
22, 2012 plea agreements, if he violated his probation, his

 5 A-5496-14T2
28, 2015, we affirmed the sentence finding that "the court imposed

sentence following a violation of probation in accordance with the

standards set forth in . . . State v. Baylass . . . ." Further,

we concluded that "the findings of fact regarding aggravating and

mitigating [f]actors were based on competent and credible evidence

in the record, that the court correctly applied the sentencing

guidelines . . . and that the court did not abuse its discretion

in imposing the sentence."

 Prior to appealing his resentence, on March 3, 2015, defendant

filed a motion for reduction of sentence pursuant to Rule 3:21-

10(b)(4) and (5), arguing that a sentence without a period of

parole ineligibility, or concurrent rather than consecutive

sentences were more appropriate. Defendant urged the court to

reduce or modify his sentence, again claiming that "[a]lthough the

alternative sentences on the plea forms contemplated parole

disqualifiers, the [c]ourt did not give a sufficient basis for

imposing maximum sentences and maximum parole disqualifiers" in

violation of Baylass, supra. On July 2, 2015, Judge Dennis Nieves

denied defendant's motion in a written opinion, finding that

alternative sentence called for "three consecutive terms," a five-
year term with a two-and-one-half year parole disqualifier on the
2011 indictment, a consecutive four-year term with a two-year
parole disqualifier on the 2011 accusation, and a consecutive
five-year term on the 2008 indictment.

 6 A-5496-14T2
"[defendant's] sentence does not fall within the purview of [Rule]

3:21-10(b)(4) and (b)(5)."

 Judge Nieves reasoned:

 Pursuant to [Rule] 3:21-10(b)(4), the
 [c]ourt may "change[] a sentence as authorized
 by the Code of Criminal Justice." Subsection
 (b)(5) allows the [c]ourt to "correct[] a
 sentence not authorized by law including the
 Code of Criminal Justice[.]"

 Here, [defendant] received an aggregate
 sentence of 9 years imprisonment with a 4.5
 year period of parole ineligibility. That is
 exactly what he bargained for. Although there
 appears to have been a mix-up as to which
 indictments were to run consecutive versus
 concurrent, the overall expected period of
 imprisonment was not affected.

 In fact, the illegal portion of
 [defendant's] sentence was remedied at his
 resentencing on November 13, 2014. Thus,
 there is nothing left to bring [defendant's]
 sentence within the ambit of subsection (b)(4)
 or (b)(5) of the Rule.

 Additionally, [defendant's] argument
 that the [c]ourt did not provide a sufficient
 factual basis for the sentence imposed is
 unfounded. Contrary to the [d]efense's
 assertions, [the sentencing judge] did discuss
 the various aggravating and mitigating
 factors, finding that no mitigating factors
 existed.

 7 A-5496-14T2
 This appeal followed.5 On appeal, defendant raises the

following points for our consideration:

 POINT I

 THE IMPOSITION OF AN AGGREGATE NINE-YEAR
 SENTENCE WITH A FOUR AND A HALF YEAR PAROLE
 INELIGIBILITY TERM VIOLATED STATE v. BAYLASS,
 114 N.J. 169 (1989), AND MUST BE REDUCED.

 POINT II

 THE IMPOSITION OF DISCRETIONARY PERIODS OF
 PAROLE INELIGIBILITY WAS UNCONSTITUTIONAL AND
 MUST BE VACATED BY THIS COURT. U.S. CONST.
 AMEND. VI, XIV; N.J. CONST. ART. 1, ¶¶ 1, 12.

 Defendant renews his argument that his "aggregate nine-year

sentence with a [four-and-one-half-year] parole ineligibility term

for defendant's violations of probation was contrary to [Baylass,

supra]." We disagree and affirm substantially for the reasons

expressed in Judge Nieves' cogent written opinion. See State v.

Robinson, 217 N.J. 594, 603-04 (2014) (noting whether a sentence

"violates sentencing guidelines and legislative policies . . . is

a question of law which is reviewed de novo."). Further, we

addressed defendant's resentence on the merits in his direct appeal

and found no error by the sentencing judge. If an issue raised

in an appeal has been determined on the merits in a prior appeal,

5
 The appeal was originally presented on an excessive sentence
calendar but was transferred to a plenary calendar by order dated
March 9, 2016.

 8 A-5496-14T2
it cannot be re-litigated in a later appeal of the same case.

State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971).

 Defendant also asserts for the first time on appeal that the

imposition of "the discretionary periods of parole ineligibility"

"violated the Sixth Amendment pursuant to Apprendi [v. New Jersey,

530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)] and

Alleyne [v. United States, ____ U.S. ____, 133 S. Ct. 2151, 186

L. Ed. 2d 314 (2013)]." We reject defendant's contention because

Alleyne did not call into question the constitutionality of

statutes granting judges discretion to impose a minimum term of

imprisonment based on facts not presented to a jury. Id. at ____,

133 S. Ct. at 2163, 186 L. Ed. 2d at 330.

 Affirmed.

 9 A-5496-14T2