**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1499-17T2
              A-1500-17T2
              A-1501-17T2
              A-1530-17T2
              A-1540-17T2
              A-1553-17T2

FAIR SHARE HOUSING CENTER,
INC.,

     Plaintiff-Respondent,

v.

THE ZONING BOARD OF THE
CITY OF HOBOKEN,

     Defendant-
     Cross-Respondent,

and

ADVANCE AT HOBOKEN, LLC,

     Defendant-Third-Party Plaintiff-
     Cross-Appellant

v.

CITY OF HOBOKEN AND THE
MAYOR AND COUNCIL OF THE

CITY OF HOBOKEN,

     Third-Party Defendants-Appellants/
     Cross-Respondents.
_____

CITY OF HOBOKEN,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

ARTISAN HOBOKEN APARTMENTS,
LLC,

     Defendant-Respondent-
     Cross-Appellant.
_____

FAIR SHARE HOUSING CENTER,
INC.,

     Plaintiff-Respondent,

v.

THE ZONING BOARD OF THE
CITY OF HOBOKEN,

     Defendant-Respondent,

and

1415 PARK AVENUE, LLC AND
BIT INVESTMENT SIXTY-ONE, LLC,

2

Third-Party Plaintiffs-
Cross-Appellants,

v.

CITY OF HOBOKEN AND THE
MAYOR AND CITY COUNCIL OF
THE CITY OF HOBOKEN,

Third-Party Defendants-Appellants/
Cross-Respondents.

_____

FAIR SHARE HOUSING CENTER, INC.,

Plaintiff-Respondent,

v.

THE ZONING BOARD OF THE CITY
OF HOBOKEN,

Defendants-Appellants/
Cross-Respondent,

and

9TH MONROE, LLC AND
900 MONROE HOBOKEN, LLC,

Defendants-Respondents/
Cross-Appellants.

v.

CITY OF HOBOKEN AND THE
MAYOR AND COUNCIL OF THE
CITY OF HOBOKEN,

3

Third-Party Defendants-Appellants/
Cross-Respondents.

_____

FAIR SHARE HOUSING CENTER, INC.,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

THE ZONING BOARD OF THE CITY
OF HOBOKEN,

      Defendant-Respondent

and

NEW JERSEY CASKET COMPANY,
INC.,

      Defendant-Respondent/
      Cross-Appellant.

_____

Argued January 8, 2020 – Decided September 30, 2020

Before Judges Fuentes, Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. L-3643-11, L-5052-11, L-0733-12, L-1978-12, and L-4563-15.

Ronald D. Cucchiaro argued the cause for appellant/cross-respondent City of Hoboken (Weiner Law Group LLP, attorneys; Ronald D. Cucchiaro, of

4

counsel and on the briefs; Richard Brigliadoro, Donald A. Klein, and Steven R. Tombalakian on the briefs).

Herschel P. Rose argued the cause for appellant/cross-respondent Zoning Board of the City of Hoboken (Davison, Eastman, Muñoz, Lederman & Paone, PA, attorneys; Dennis M. Galvin, on the briefs).

John J. Curley argued the cause for respondent/cross-appellant Artisan Hoboken Apartments (John J. Curley LLC, attorneys; John J. Curley of counsel and on the briefs; Jason M. Hyndman, on the brief).

Jennifer Phillips Smith argued the cause for respondent/cross-appellant Advance at Hoboken LLC (Gibbons PC, attorneys; Jennifer Phillips Smith and Cameron W. MacLeod, on the briefs).

Kevin J. Coakley argued the cause for respondents/cross-appellants 1415 Park Avenue, LLC, 9th Monroe, New Jersey Casket Company, 900 Monroe Hoboken and BIT Investment (Connell Foley LLP, attorneys; Kevin J. Coakley and Nicole B. Dory of counsel and on the briefs; Michael Affrunti on the briefs).

Kevin D. Walsh argued the cause for appellant Fair Share Housing Center, Inc.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In Fair Share Hous. Ctr. v. Zoning Bd., 441 N.J. Super. 483, 486 (App. Div. 2015), certif. denied, 224 N.J. 246 (2016), we described that the trial court's order under review:

invalidated the zoning approval conditions imposed by the Zoning Board, relieved the developers from their obligation to comply with the ordinance's provisions, and enjoined the City from enforcing or imposing "any requirement against the parties to construct affordable housing units and/or collect any monetary contribution related to the affordable housing from the parties[.]"

After acknowledging the Supreme Court's holding in In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 6 (2015), which "directed trial courts to resolve municipalities' constitutional obligations under Mount Laurel," we reversed the

> trial court's order invalidating the City's affordable housing ordinance . . . [and held] the trial court erred in invalidating the zoning approval conditions related to compliance with the ordinance's provisions as to all of the developers named as defendants by Fair Share and remand[ed] for the trial court to adjudicate the remaining legal issues raised by the parties.
>
> [Fair Share, 441 N.J. Super. at 487 (emphasis added).]

On remand, the Law Division judge erroneously granted summary judgment to these same developers based on an as applied challenge to the 1988 Hoboken Affordable Housing Ordinance (AHO). Furthermore, in a manner irreconcilable with this court's decision, the Law Division held that the City's AHO did not apply to the developments at issue because the City of Hoboken and its Zoning Board of Adjustment were estopped from enforcing the ordinance due to its collective failure to apply the ten percent affordable housing set-aside

6

contained in the ordinance to any other development between 1988 and 2011. The Law Division concluded this alleged misconduct by the City constituted a violation of the doctrine of selective enforcement.

In this appeal, we hold the Law Division misconstrued the scope of the remand ordered by this court by allowing the developers to relitigate the enforceability of the City's 1988 AHO. Furthermore, these developers were also precluded from challenging the enforcement of the AHO based on their expressed waiver of those issues in the 2012 litigation.

The developers claim that the issues addressed by the Law Division in the 2015 litigation under review here were not raised before the trial judge in the 2012 litigation. This is simply not true. In a letter dated October 11, 2012 submitted to the trial judge by the law firm that represented 1415 Park and Advance in the 2012 litigation, the attorney-author stated:

> [O]ur respective clients agreed to dismiss the two remaining counts in each of their Crossclaims and Third Party Complaints against the City…and the Zoning Board. <u>Dismissal of these claims will have the effect of resolving all remaining claims in the litigation</u>.
>
> [(emphasis added).]

That same letter included a proposed order that dismissed with prejudice the outstanding counts of the third-party complaints that were not addressed in

A-1499-17T2

the June 1, 2012 order. The trial judge entered the order submitted by this attorney which, inter alia, included the following paragraphs:

> 6. The Tenth and the Eleventh Count of each of the Third Party Complaints are dismissed with prejudice; and

> 7. All other counts in the Third Party Complaints have been resolved by the [c]ourt by the June 1, 2012 Order and by this Order.

As a result, on November 9, 2012, the trial judge issued a final judgment in these consolidated matters. The judge made clear that in an initial "trial limited to the issue of whether the Affordable Housing Ordinance is valid and enforceable as written," the court found that the ordinance was "inconsistent with the Municipal Land Use Law, the Fair Housing Act, and the procedures and guidelines that have been promulgated by the Council on Affordable Housing." The order further stated that "[t]he Affordable Housing Ordinance, known as Sections 196-68 to -81 of the City of Hoboken Zoning Code, is hereby declared null, void, and unenforceable as a matter of law" and that "[t]he City of Hoboken and the Zoning Board are prohibited from enforcing the Affordable Housing Ordinance against Advance and 1415 Park."

On July 23, 2012, Developer 9th Monroe filed a motion for summary judgment relying on the court's June 1, 2012 decision. On August 17, 2012, NJ

A-1499-17T2

Casket filed a similar motion for summary judgment. The trial court granted these motions in two orders dated November 9, 2012. 9th Monroe, like the other third-party plaintiffs, agreed to dismiss its remaining third-party claims against the City of Hoboken.

"Under the doctrine of the law of the case, a party cannot relitigate a previously resolved issue." Washington Commons v. City of Jersey City, 416 N.J. Super. 555, 563 (App. Div. 2010). Legal issues that have been decided on the merits in a prior appeal cannot be relitigated by the same non-prevailing parties in a later appeal of the same case. Id. at 564 (citing State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971)).

As this record shows, the remand we ordered does not permit the developers to relitigate the enforceability of the AHO. This court upheld the validity of the AHO in its prior opinion and declared it enforceable against the four developers. The trial court did not have the legal authority to adjudicate the issues these developers voluntarily waived in the first case, thus creating a backdoor to continue to challenge the validity of the AHO.

Appeals may be taken to the Appellate Division as of right "from final judgments of the Superior Court trial divisions." R. 2:2-3(a)(1). The Supreme Court has made clear that "in a multi-party, multi-issue case, an order granting

9

summary judgment, dismissing all claims against one of several defendants, is not a final order subject to appeal as of right until all claims against the remaining defendants have been resolved by motion or entry of a judgment following a trial." Silviera-Francisco v. Bd. of Educ., 224 N.J. 126, 136 (2016).

When we reversed the trial court judgment that invalidated Hoboken's AHO in Fair Share, we expressly found that "[e]ach of the four developers named as defendants in this case received significant relief from the City's zoning laws in the form of variances from the Zoning Board of Adjustment (Zoning Board), conditioned upon the developers' compliance with the City's affordable housing ordinance." 441 N.J. Super. at 486 (emphasis added). Thus, at the conclusion of the case, we remanded "these cases to the trial court for such further proceedings as may be necessary to address and adjudicate to finality the remainder of the issues raised by defendants/third-party plaintiffs." Id. at 513 (emphasis added).

Here, the record shows the developers knowingly and carefully pruned the legal issues before the trial court in 2012 to fashion a sustainable legal basis for the trial court's final judgment. They accomplished this by waiving all the issues they originally raised before the trial court to create the finality necessary to trigger this court's mandatory jurisdiction. The only legal issues remaining after

10

the developers' strategic waiver concerned the molding of an appropriate remedy to vindicate the public policy underpinning the AHO.

The 1988 AHO was intended to provide a means to counter the gentrification that was overwhelming the City's historical character and endangering its demographic diversity. The developers who obtained approval to construct these high-end residential properties secured significant variances from the City's zoning ordinance that substantially increased the value of their projects. In return, they each agreed to comply with the requirements of the AHO. The City is entitled to receive good faith compliance with these legally valid requirements.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1499-17T2