**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4792-18

JESSICA WATLEY,

    Plaintiff-Respondent,

v.

LOUIS WATLEY,

    Defendant-Appellant.

_____

Argued December 15, 2021 – Decided January 12, 2022

Before Judges Hoffman, Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0939-12.

Louis Watley, appellant, argued the cause pro se.

Jessica Watley, respondent, argued the cause pro se.

PER CURIAM

    Defendant Louis Watley appeals from a post-judgment Family Part order entered on June 14, 2019.  We affirm.

Defendant and plaintiff Jessica Watley were married on April 12, 1998. Defendant was incarcerated in October 2000 and was paroled October 2011. While defendant was incarcerated, plaintiff continued to operate defendant's tax preparation business to support herself and their child. She also paid property taxes on defendant's pre-marital Irvington commercial real property during his incarceration.

On December 16, 2013, the parties' Final Judgment of Divorce (FJOD) was entered after the Family Part judge's November 21, 2013 oral opinion after trial. The court awarded defendant the Irvington property as a pre-marital asset but awarded plaintiff a judgment of $175,000 and granted plaintiff a lien on the Irvington property, which was ordered to be paid by defendant no later than May 15, 2014. The court ordered a sale of the Irvington property in the event defendant did not pay the $175,000 sum by May 15, 2014.

Defendant appealed the FJOD, which we affirmed December 29, 2015. Watley v. Watley, No. A-2545-13 (App. Div. Dec. 29, 2015).

On June 30, 2015, the Family Part ordered defendant removed and restrained from the Irvington property and held him in violation of litigant's rights because he did not pay the lien. The court appointed a real estate agent to list the Irvington property for sale and gave plaintiff power of attorney to sign

2

the listing agreement with the real estate agent and to close title on the property. Plaintiff was ordered to first dispose of net proceeds of the sale in the following manner: $175,000 plus $2,000 in attorneys' fees, plus interest relating to the date of payment to plaintiff. The court also authorized plaintiff to apply for a bench warrant for defendant's arrest if he did not comply with this order.

Notwithstanding the court's order, neither party did anything to further the required resolution. Plaintiff gave defendant almost one year and a half to come up with a solution to move his business from the Irvington property and did not seek to eject him from the premises until October 25, 2016.

In August 2018, defendant moved to hold plaintiff in contempt of court for failure to abide by the divorce judgment; to order plaintiff to, among other things, vacate the Irvington property; pay his attorneys' fees;[1] to leave defendant's business effects at the Irvington property; and appoint a new real estate agent to sell the property. On September 4, 2018, plaintiff filed a cross-motion asking the court to change the deed to the Irvington property to her name in lieu of the amount defendant owed her, and that defendant pay her an additional $12,681 in reimbursement for property taxes she had paid on the

---

[1] Defendant's Notice of Motion was unsigned by his attorney, and the amount of fees he sought was left blank. The court stated in the September 21, 2018 hearing that defendant sought $4,002 in attorneys' fees.

building as well as compel defendant to pay child support arrears, attorneys' fees previously awarded in the 2015 order, and funds toward the couple's daughter's car expenses.

On September 21, 2018, a different judge heard oral argument on the motions and reiterated defendant was supposed to either pay plaintiff $175,000 or sell the property and that plaintiff's conduct also violated court orders. On October 4, 2018, the court ordered the parties to select a real estate appraiser to complete an appraisal of the Irvington property, with the cost divided between them, to list the property for sale and for plaintiff to vacate the premises. The court ordered the net proceeds from the property sale to be placed in defendant's attorney's trust account.

On January 21, 2019, defendant filed an Order to Show Cause seeking settlement and payoff of the lien on his property and reimbursement for business losses. He requested for the court to hold plaintiff in contempt and sought rent payment from plaintiff and for her to restore the Irvington property "back to its original condition of the day [defendant] took control of the property in October 2015[.]" Plaintiff filed a cross-motion, asking that defendant pay interest on the lien; that the court appoint a real estate appraiser; and that defendant contribute to their daughter's college and car expenses.

A-4792-18

On March 6, 2019, the court again ordered defendant to pay plaintiff $175,000 and that those funds be held in trust until the necessary discharges were filed to remove the lien on the property in Irvington. Defendant's brother agreed to pay plaintiff $175,000 on his brother's behalf, and the funds were ordered to be held in plaintiff's attorney's trust account until plaintiff discharged the lis pendens.

The court entered a judgment in favor of plaintiff for $8,429.45, which included $2,000 owed to her from the divorce judgment, plus accrued interest of $6,429.45 against the $175,000 lien at the judgment rate. The court calculated the interest based on defendant's non-payment of the $175,000 for the period between the final judgment of divorce, May 14, 2014, and December 31, 2015, the date by which the court concluded it would be reasonable for the Irvington property to have been sold. Both parties agreed that this amount was acceptable to them. On March 6, 2019, the court denied defendant's request for attorneys' fees he incurred relative to the Notice of Motion and Notice of Cross-Motion which resulted in the October 4, 2018 order.

On April 16, 2019, defendant filed a second Order to Show Cause, which sought to: (1) rescind the court's order barring him from the Irvington property; (2) order plaintiff to provide keys to the Irvington property; (3) compel plaintiff

A-4792-18

to reimburse defendant for filing fees; and (4) discharge the lien on the Irvington property.

The court declined to rescind the order that had barred defendant from the Irvington property and found defendant already had a copy of the keys to the property but ordered plaintiff to pay defendant fifty dollars for her delay in turning over the keys and filing for a discharge of the lis pendens. The court found "that she unnecessarily dragged her feet." Plaintiff discharged the lis pendens on April 19, 2019.

Defendant additionally asserted that the house was so damaged that he could not stay there, nor could he sell the property. The court distilled the most recent order to simple issues:

> [A]s we sit here today, two of the pieces of relief that you're requesting, the discharge of the lis pendens and the turn over of the keys have already been accomplished. . . . Most of these other issues that you're talking about in terms of her allegedly having left the property in, in poor condition, having trashed the property, frankly, those issues aren't even before me because . . . in your motion papers you haven't requested anything to that effect.

The court found that the condition of the Irvington property was not before the court, had already been addressed, and was repetitive of an insurance issue from five years ago. This appeal followed.

A-4792-18

Our review of the trial court's factual findings is limited. Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015). "Generally, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'" Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). In Family Part matters, this "[d]eference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Cesare, 154 N.J. at 412 (citation and internal quotation marks omitted). "[L]egal conclusions are always reviewed de novo." Elrom, 439 N.J. Super. at 433-34 (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

On appeal defendant argues plaintiff's conduct exhibited contempt of court and her actions were fraudulent and criminally motivated and the court was in error when it found in plaintiff's favor and the court also erred when it failed to award defendant counsel fees. We disagree.

We typically decline to consider arguments not properly raised at the trial court when there was ample opportunity to do so. State v. Robinson, 200 N.J. 1, 20 (2009). An issue that has been determined on the merits in a prior appeal cannot be relitigated in a later appeal of the same case. State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971). "An appellate court, when reviewing trial

7

errors, generally confines itself to the record." State v. Harvey, 151 N.J. 117, 201-02 (1997). An issue properly presented must also be adequately briefed. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). All of the arguments raised by defendant fall into these categories, and thus are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following.

The trial court has discretion in awarding counsel fees in matrimonial matters. R. 4:42-9(a)(1); R. 5:3-5(c); Williams v. Williams, 59 N.J. 229, 233 (1971). We should not disturb a matrimonial counsel fee decision absent a showing of "an abuse of discretion involving a clear error in judgment." Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010). See also Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 453 (2015) (an award of counsel fees under Rule 4:42-9(a)(6) involves the exercise of sound discretion by the trial court).

During the September 21, 2018 hearing, which resulted in the October 4, 2018 order, the court explained that it would hear argument on the relief requested by both parties, which included "ordering the plaintiff to pay the [] defendant['s] [attorneys'] fees in the amount of $4,002 within ten days."

Defendant argues he was denied attorneys' fees but does not specify what fees. He refers us to the transcript from the February 22, 2019 hearing, where he asked for attorney's fees that he had expended in a prior motion. The court then explained it had "denied the request for attorney's fees . . . without prejudice . . . because again, there was no delineation in the bill as to those expenses for which it is going to be." In the March 6, 2019 order that followed, the court denied defendant's request for plaintiff to reimburse him for attorneys' fees "he incurred relative to the Notice of Motion and Notice of Cross-Motion which resulted in the [o]rder of October 4, 2018. . . ."

The record contains no evidence of what attorneys' fees defendant requested, and no evidence as to why he had requested $4,002 and when. Therefore, the trial judge's response that he was denying defendant's request because there was "no delineation in the bill as to those expenses" was reasonable. Thus, we conclude there is no abuse of discretion involving a clear error in judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4792-18