HARRY DEVERMAN, PLAINTIFF-RESPONDENT, v. STEVENS BUILDERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, AND P. MICHELOTTI & SONS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 2, 1955—Decided May 5, 1955.

Before Judges Goldmann, Freund and Conford.

*Mr. Murray A. Laiks* argued the cause for defendant-appellant P. Michelotti & Sons, Inc. (*Mr. Aaron Heller* and *Messrs. Heller & Laiks*, attorneys).

*Mr. Howard Stern* argued the cause for plaintiff-respondent (*Mr. Peter Hofstra*, attorney).

Per Curiam. This is an action for damages to growing crops of plaintiff, a commercial nurseryman, resulting from building operations by defendants on nearby property. When first heard, the Chancery Division found the defendant, Stevens Builders, Inc., liable for the destruction of certain rose bushes but denied recovery for lack of proof as to damages. It awarded a judgment against defendant P. Michelotti & Sons, Inc.. for damages to barberry bushes in the sum of $1,200. the amount being arrived at after an allowance for salvage. Plaintiff appealed the denial of recovery against Stevens and the amount of the award against Michelotti and Michelotti cross-appealed, claiming error in determining liability and improper assessment of damages.

On appeal the Appellate Division held: (1) plaintiff should be accorded an opportunity to present proof as to the damages to the rose bushes; and (2) the allowance for salvage as to the barberry bushes was not supported by evidence, but that

opportunity to make proof of salvage should be accorded. No fault was found with the assessment of the damages by the trial court as to the barberry bushes, aside from the allowance for salvage. In its opinion the court stated the legal formula for admeasuring damages to a growing crop. The cause was remanded "to allow submission of additional evidence as to damages." 31 *N. J. Super.* 347 (*App. Div.* 1954).

On the remand plaintiff introduced proof as to the damages to the rose bushes and an award on this count was made against Stevens. It does not appeal. After concluding the taking of testimony as to damages to the rose bushes, the trial court said to counsel for the parties: "Do you desire to offer any proof on the question of salvage as related to the barberry bushes?" Each of the counsel answered in the negative. Counsel for appellant, Michelotti, added: "If your Honor please, I do not see how we could, except the proof that has already been submitted." Whereupon, after asking whether any other proof was to be offered, the court concluded the hearing. Subsequently it entered judgment against Michelotti in the sum of $2,966.25 on account of damages to the barberry bushes on the basis of the testimony adduced at the first hearing, allowing nothing for salvage.

Michelotti now appeals the latter award on the ground that it was incumbent upon plaintiff to offer proof of damages to the barberry bushes in the precise manner specified by the opinion of the Appellate Division on the first appeal. There are two hurdles on appellant's course. The first is that the Appellate Division opinion, as we read it, found the award of damages as to the barberry bushes unexceptionable except in reference to the allowance for salvage. Its comment with respect to the rule for proving damages to growing crops appears to have been intended solely as a guide in the trial on the remand of the issue as to damages to the rose bushes. It is not our function on this appeal to allow a collateral review of the first decision of this Division but only to adjudge whether it has been complied with. The ruling on the first appeal is the law of the case. *Hollister v. Fiedler*, 30 *N. J. Super.* 203 (*App. Div.* 1954).

■ The second objection to Michelotti's present position is that it is repugnant to the obvious acquiescence by all parties on the remand in the trial court's construction of the opinion of the Appellate Division as calling only for proof of salvage, so far as the case for damages to the barberry bushes was concerned. Appellant not having then pressed his present contention that it was incumbent upon plaintiff to prove his damages to the barberry bushes anew, plain principles of fair dealing, as well as the rule as to the scope of appellate review, *Domestic Fuel Co. v. American Petroleum Corp.*, 6 *N. J.* 538 (1951), estop him from making the point now, when it is too late for plaintiff to offer additional proofs short of our directing a third hearing on damages. This we decline to do. Appellant has had its full day in court.

Judgment affirmed.