134 N.J. Super. 426 (1975)
341 A.2d 670
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILLIP SIDOTI, JOHN GUANCIONE AND RAYMOND DE FILIPPIS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1975.
Decided May 22, 1975.
*427 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Donald S. Goldman argued the cause for appellants Sidoti and Guancione (Messrs. Goldman, Goldman and Caprio, attorneys).
Mr. Raymond DeFilippis, Jr., appellant, joined in the brief filed on behalf of the appellants Sidoti and Guancione.
*428 Mr. David L. Rhoads, Assistant Prosecutor of Essex County, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
This is an appeal by three defendants, Phillip Sidoti, John Guancione and Raymond DeFilippis, from convictions for gambling offenses in violation of N.J.S.A. 2A:98-1. Defendant Sidoti also appeals from his conviction for additional gambling offenses in violation of N.J.S.A. 2A:112-3 and N.J.S.A. 2A:121-3A. The factual background is detailed in two reported opinions, 116 N.J. Super. 70 (Cty. Ct. 1971), and 120 N.J. Super. 208 (App. Div. 1972), and need not be restated here.
Our decision reported at 120 N.J. Super. 208 remanded the matter "to the trial court to hold a plenary hearing to determine the means used and the circumstances under which the Mitarotonda wiretap was executed * * *." Id. at 214.
Following that remand a rehearing was held by the trial judge, who found that the wiretap was executed in good faith and in compliance with the wiretap order. Defendant at the hearing also contended that the contents of the wiretap should be excluded because the State failed to serve an inventory within 90 days of the termination of the original order, in violation of N.J.S.A. 2A:156A-16. The trial judge rejected that contention and denied the motion to suppress. Trial, conviction, sentence and this appeal followed.
Defendants contend on this appeal that (1) the failure of the State to comply with the inventory requirements of N.J.S.A. 2A:156A-16 and 18 U.S.C.A. § 2518(8)(d) "vitiates the legality of the Mitarotonda wiretap"; (2) it was error to allow into evidence taped conversations between defendant Sidoti and his wife; (3) the New Jersey Wiretap and Electronic Surveillance Control Act fails to conform to federal law and is, therefore, illegal; (4) all evidence seized from the Mitarotonda wiretap should have been suppressed; *429 (5) the Mitarotonda wiretap was unlawful because the order was in violation of the Fourth Amendment standards of particularity and reasonableness, and (6) the application for the wiretap did not demonstrate a special need.
We note at the outset that many of the grounds upon which this wiretap and the evidence obtained therefrom are attacked are beyond the scope of our limited remand, and we could for that reason refuse to consider them. We elect, however, to dispose of this appeal on its merits.
One requirement of the New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 et seq., is that:
Within a reasonable time but not later than 90 days after the termination of the period of the order * * * the issuing or denying judge shall cause to be served on the person named in the order or application, and such other parties to the intercepted communications as the judge may in his discretion determine to be in the interest of justice, an inventory [containing certain facts relating to the wiretap order]. [N.J.S.A. 2A:156A-16].
A similar provision appears in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. § 2510 et seq., at § 2518(8)(d).
It is conceded by the State that the application for an order for service of the inventory was not made until six weeks beyond the time period provided in the statute. Defendant contends this delay, even though inadvertent and unintentional and without proof of prejudice resulting therefrom, mandates suppression of the evidence received from the tap. While this statutory provision has not been construed in any reported New Jersey decision, it has received considerable attention in the federal courts where it has generally been held that an inadvertent delay in service of an inventory does not require suppression of the fruits of the wiretap. United States v. Wolk, 466 F.2d 1143 (8 Cir.1972); United States v. Lucido, 373 F. Supp. 1142, 1144 (E.D. Mich. 1974); United States v. LaGorga, 336 F. Supp. *430 190, 194 (W.D. Pa. 1971); cf. United States v. Chun, 503 F. 2d 533, 542, n. 20 (9 Cir.1974); United States v. Eastman, 465 F.2d 1057, 1062 (3 Cir.1972). The reasoning stated in these cases is that the purpose of the time limit is to prevent governmental abuse. Where no prejudice results to defendant from an inadvertent delay, no purpose would be served by excluding evidence.
We are not here concerned with a failure or refusal to file an inventory, as appeared in the case of United States v. Eastman, supra. Here the delay was inadvertent  there was no intentional or insolent flouting of the statute. Further, defendants do not demonstrate any prejudice resulting from the delay, and we affirm the action of the trial judge in refusing to suppress the evidence obtained from the wiretap for that reason.
During the course of the trial certain tapes were played to the jury over defendant's objection which contained recorded conversations between defendant Sidoti and his wife. Defendant, while conceding that the conversations thus admitted into evidence did not contain confidential communications and did not in any way refer to illegal activity, contends that the admission of the conversations constituted a violation of N.J.S.A. 2A:156A-11, which provides in part:
No otherwise privileged wire or oral communication intercepted in accordance with, or in violation of, the provisions of this act, shall lose its privileged character,
and Evid. R. 23. We disagree.
It is generally held that a third person overhearing a confidential communication between a husband and wife may testify as to it. 8 Wigmore, Evidence (McNaughton rev. 1961), § 2339(1) at 667; 3 Jones, Evidence (6 ed. 1972), § 21:5 at 754; 97 C.J.S. Witnesses § 271 at 778.
Evid. R. 23(2), to which defendant refers, bars one spouse from testifying against the accused in a criminal action but *431 does not bar third persons from testifying as to the conversation overheard. See Narten v. Eyman, 460 F.2d 184, 191 (9 Cir.1969); State v. Young, 97 N.J.L. 501, 505 (E. & A. 1922), and Commonwealth v. Wakelin, 230 Mass. 567, 120 N.E. 209, 212 (Mass. 1918). In similar fashion, Evid. R. 28 bars a disclosure by a spouse of a confidential communication and is, therefore, not applicable here, for defendant concedes the taped conversations were not confidential.
Defendant admits the conversations were used only as corroboration of his identity. In view of other evidence of identity in the record, we find the admission of these conversations, even if error, was harmless beyond a reasonable doubt. State v. Macon, 57 N.J. 325, 339-341 (1971); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Defendant's attack on the New Jersey statute as being unconstitutional since it is less restrictive than the federal act is without merit. State v. Dye, 60 N.J. 518, 535 (1972), cert. den. 409 U.S. 1090, 93 S.Ct. 699, 34 L.Ed.2d 675 (1972). The further arguments that the evidence obtained from the wiretap should be suppressed as coming from an illegal wiretap, the application for the Mitarotonda tap did not demonstrate a special need and that the Mitarotonda wiretap was unlawful because it was in violation of Fourth Amendment standards of particularity and reasonableness, were decided adversely to defendant in our former opinion, State v. Sidoti, supra, and are not properly raised here. State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971); Deverman v. Stevens Builders, 35 N.J. Super. 300 (App. Div. 1955).
Affirmed.