**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2109-18T3

CURTIS CAMPBELL,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 17, 2020 – Decided May 15, 2020

Before Judges Currier and Firko.

On appeal from the New Jersey Department of Corrections.

Curtis Campbell, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Curtis Campbell, an inmate, appeals from the December 21, 2018 Department of Corrections (DOC) order affirming a hearing officer's imposition of sanctions. In a prior appeal, we found the substantial evidence presented at the disciplinary hearing supported the hearing officer's finding of guilt. Campbell v. N.J. Dep't of Corr., No. A-4842-16 (App. Div. Dec. 6, 2018) (slip op. at 3-4).

However, because the hearing officer had not provided reasons for the imposed sanctions, we remanded in accordance with Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016) and Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 96-97 (App. Div. 2018). On remand, the hearing officer supplied sufficient reasoning for the imposed sanctions. We affirm.

Appellant was found guilty of prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i). The hearing officer imposed sanctions of fifteen days loss of recreational privileges, ninety-one days administrative segregation, and sixty days loss of commutation time.

On remand, the hearing officer re-imposed the original sanctions but added the following reasons: "[P]lease note, [there is] no evidence of mental health problems. . . . Sanction[s] [are meant] to deter [inmates] from fighting [and] to promote a safe [and] secure facility. [Hearing officer] notes [appellant]

has no other disciplin[ary] history. However, violence of any kind cannot be tolerated."

In upholding the hearing officer's decision and sanctions, the assistant superintendent stated: "DOC is in compliance with procedural safeguards. The sanction[s] [are] appropriate to the charge. No leniency will be afforded to [appellant]. [There was] [n]o misinterpretation of the facts." The assistant superintendent also noted that appellant's mental health history was reviewed and considered.

As we have stated, our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

On appeal, appellant argues: (1) there was not enough evidence to re-affirm the initial decision because he is legally blind; (2) respondent has not provided sufficient reasons for re-affirming the initial decision; (3) appellant's counsel substitute was ineffective at the remand hearing; (4) all allegations and

A-2109-18T3

sanctions in relation to the present matter must be expunged; and (5) respondent failed to investigate appellant's prior complaints regarding his cellmate.

When this court considers a matter that has been appealed for a second time, "[t]he ruling on the first appeal is the law of the case." Deverman v. Stevens Builders, Inc., 35 N.J. Super. 300, 302 (App. Div. 1955) (citing Hollister v. Fiedler, 30 N.J. Super. 203 (App. Div. 1954)). In Deverman, a case that was appealed for a second time following remand, this court held that it was not authorized to "collateral[ly] review . . . the first decision of this [court]" and, instead, was only responsible for evaluating whether the court on remand adhered to this court's instructions following the first appeal. Ibid.

We affirmed the hearing officer's finding of guilt in the first appeal. Our review following remand is restricted to whether the DOC complied with our instructions pertaining to the imposition of sanctions. We do not consider any arguments raised by appellant addressing matters outside this discrete issue.

"For a sentence to be 'appropriate,' it is not enough that the sentence be within the maximum limits set forth in the Administrative Code." Mejia, 446 N.J. Super. at 379. "Without an articulation of sanctioning factors, '[this court] ha[s] no way to review whether a sanction is imposed for permissible reasons

and is located at an appropriate point within the allowable range.'"  Malacow,
457 N.J. Super. at 97 (quoting Mejia, 446 N.J. Super. at 379).

Pursuant to N.J.A.C. 10A:4-9.17(a), when a hearing officer decides
whether to impose disciplinary sanctions, he or she may consider the following
factors:

> 1. Offender's past history of correctional facility
> adjustment;
>
> 2. Setting and circumstances of the prohibited behavior;
>
> 3. Involved inmate's account;
>
> 4. Correctional goals set for the inmate; and
>
> 5. The inmate's history of, or the presence of, mental
> illness.

"[T]he use of those or other 'such factors' [is] entirely [within] the discretion of
the hearing officer."  Mejia, 446 N.J. Super. at 378 (citing N.J.A.C. 10A:4-
9.17(a)).

On remand, the hearing officer re-imposed the original sanctions, this time
providing reasons for each penalty.  In upholding the hearing officer's decision,
the assistant superintendent found the sanctions were appropriate for the charge.

We are satisfied the hearing officer on remand articulated appropriate
reasons for imposing the sanctions.  The hearing officer noted appellant's lack

of mental health problems, the purpose sanctions serve in deterring fighting and promoting safety, and the DOC's strong stance against violence. The decision of the DOC upholding the sanctions was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2109-18T3