**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2076-22

IVY HOLDINGS, LLC,

     Plaintiff-Respondent,

v.

KAREEM MUHAMMAD
KANEEF TUCKER,

     Defendant-Appellant,

and

KARIM TUCKER, KARISMAH TUCKER,
KAREEMAH TUCKER, JACK CORREIA,
UNION COUNTY BOARD OF SOCIAL
SERVICES, LATANIA FOWLER,
SHADEERAH YOUNG, UNION
COUNTY PROBATION SERVICES,
NEW CENTURY FINANCIAL
SERVICES, INC., TRINITAS HOSPITAL,
MIDLAND FUNDING assignee of
FINGERHUNT CREDIT ADV, and
THE STATE OF NEW JERSEY,

     Defendants.

_____

Submitted October 30, 2024 – Decided December 24, 2024

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-016360-19.

Illya D. Lichtenberg, attorney for appellant.

Anthony L. Velasquez, attorney for respondent.

PER CURIAM

This tax sale foreclosure proceeding returns to us after a remand to the Law Division for further findings pursuant to Rule 1:7-4(a) on defendant Kareem Muhammad Kaneef Tucker's motion to vacate default judgment under Rule 4:50-1. Ivy Holdings, LLC v. Tucker (Ivy Holdings I), No. A-4639-19 (App. Div. Dec. 21, 2022) (slip op. at 2-3). Defendant argued plaintiff failed to make diligent inquiry under Rule 4:4-5(a)(3), and as such, substituted service by publication was improper. Id. at 2. On remand, another General Equity judge reconsidered defendant's contentions and, immediately following argument on February 3, 2023, denied relief in a cogent oral decision and memorializing order.

On appeal, defendant maintains service was improper. He contends plaintiff failed to: provide the remand court competent evidence demonstrating its attempts to locate him prior to moving for substituted service; and serve the

2

Surrogate Court as a necessary party under N.J.S.A. 3B:14-47. To support his additional argument that the remand court failed to address his "equitable recoupment" defense, plaintiff claims the foreclosure default judgment violates the Fifth Amendment Takings Clause pursuant to Tyler v. Hennepin County, 598 U.S. 631 (2023), issued shortly after entry of the remand court's order.

We affirm the trial court's order to the extent it denied relief under Rule 4:50-1(a). However, in light of Tyler, we remand the matter for reconsideration of defendant's motion under Rule 4:50-1(f).

I.

We incorporate by reference the facts and procedural history set forth in our initial opinion. Ivy Holdings I, slip op. at 3-9. We reiterate those facts and events that are pertinent to the present appeal.

Defendant and his three siblings inherited property in Elizabeth when their unmarried father died intestate in April 2017, without having paid $7,293.08 in property taxes for two years. Id. at 3. Two months later, at the ensuing public auction, plaintiff's predecessor purchased the tax sale certificate from the City of Elizabeth. Ibid. Following multiple assignments, the certificate was held by

Trystone Capital Assets, LLC,[1] which filed a tax foreclosure complaint on October 4, 2019, naming defendant, his three siblings, and multiple creditors, including his mother, Shadeerah Young.[2]

As we explained:

> All defendants were personally served but for Tucker and Young, who were served by publication. In a "certification of inquiry" an assistant to plaintiff's counsel averred "[a] Union County Surrogate document lists an address for Kareem Tucker as [XXX] Court Street, 1st Floor, Elizabeth, NJ 07206." That document, which was attached to the certification, is an application for administration signed by all four Tucker children averring their father died without a will and the value of his estate would not exceed $240,000. . . .
>
> Also attached to the certification was a form from a process server advising of an inability to serve at the Court Street address with a note that the landlord advised that Young had been a tenant for the prior two years but had moved out ten to fifteen days ago "over a family dispute," with the landlord unaware of her current whereabouts. The form also noted the landlord's statement that [defendant] was not a tenant. Plaintiff's counsel's assistant also attached a "TLO.com

---

[1] During pendency of the foreclosure matter, Trystone assigned the tax sale certificate to its related company, Ivy Holdings, LLC.

[2] Young was named a defendant in view of her child support judgment recorded against the property. Ivy Holdings I, slip op. at 3-4. In our prior opinion, we denied Young's motion to vacate the default judgment entered against her, concluding service by publication was appropriate. Id. at 2. Young, defendant's siblings, and decedent's creditors are not parties to this appeal.

search"[3] for [defendant], a Whitepages.com search and a Yellowpages.com one, none of which provided a better address for him. Counsel's assistant averred a request for change of address information to the postmaster received no response.

[Id. at 4-5.]

The court's redemption order followed, which also permitted service via publication for any defendant whose addresses was unknown. Id. at 5. None of the defendants responded or appeared to redeem the property. Id. at 5-6. Accordingly, a final foreclosure judgment was entered on June 29, 2020. Id. at 6.

On August 12, 2020, defendant and Young jointly moved to vacate the foreclosure default judgment as void for improper service under Rule 4:50-1(d). Ibid. In support of the motion, Young certified "all four Tucker children had provided her a power of attorney, which she did not attach, to sell the property on their behalf, which she had under contract." Ibid. During the course of the sale, Young's attorney advised her of the foreclosure judgment. Ibid. Asserting she relocated from the Court Street address to another residence in Elizabeth

---

[3] "TLO" is a TransUnion skip trace service providing detailed reports on searched individuals "through a massive repository of public and proprietary data almost instantly." TransUnion, About TLOxp, https://www.tlo.com/about-tloxp (last visited Dec. 16, 2024).

and defendant "was then detained in the Union County Jail," Tucker claimed standard internet searches would have revealed their locations. Id. at 6-7.

Defendant and Young jointly appealed from the August 28, 2020 order denying their motion. Id. at 2. Pertinent to the present appeal, in our prior decision, we noted defendant, unlike Young, was an heir and "owner with right of redemption." Id. at 15. "[B]ecause there was substituted service and a substantial disparity between the amount due on the certificate and the value of the property, demonstrated [by the proofs in the record]," we further concluded under our decision in M & D Associates v. Mandara, 366 N.J. Super. 341, 354 (App. Div. 2004), "the Chancery judge was required to give careful scrutiny to plaintiff's affidavit of diligent inquiry and not accept 'cursory inquiries or recitals.'" Ivy Holdings I, slip op. at 15. In our view, "it seem[ed] readily apparent that any reasonably diligent search of New Jersey criminal public records at the time plaintiff was attempting to locate Tucker for service would have revealed he was in the Union County [J]ail in Elizabeth where he could have been personally served." Id. at 17. We directed the motion judge to reconsider defendant's application pursuant to Rule 4:50-1(d), in view of M & D Associates. Ibid.

On remand, plaintiff resubmitted the results of its searches, including a recent PROMIS/gavel[4] search and proof that the City declared the property abandoned in October 2019. See N.J.S.A. 55:19-55. During argument before the successor judge, plaintiff's counsel acknowledged a PROMIS/gavel search was not conducted in support of plaintiff's motion for substituted service "because the skip trace [search] showed no criminal activity." Plaintiff's counsel further asserted conducting a PROMIS/gavel search at that time "would have made no difference" because when searching the name "Kareem Tucker," the results revealed several individuals who clearly were not defendant. Two individuals had "just the first name Kareem and just the last name Tucker"; one individual was thirty years older than defendant, was not incarcerated at the time; and the other individual was incarcerated, but his middle initial was "H." Because defendant's full name is Kareem Muhammad Kaneef Tucker, that middle initial "wouldn't have matched up."

In response to defense counsel's argument that defendant and the individual named "Kareem H. Tucker have the same SBI [State Bureau Identification] numbers," plaintiff's counsel stated defendant's SBI number was

---

[4] PROMIS/gavel is the Judiciary's computerized criminal case information management system.

not available when plaintiff conducted its initial search. Plaintiff's counsel argued any failure to conduct a penal search was not fatal to the diligent inquiry standard as his client's search otherwise complied with M & D Associates, as it included postal service, surrogate, skip trace, telephone, and public records searches. Specifically, the skip trace and surrogate searches both revealed the Court Street address as defendant's legal residence.

Addressing defendant's argument, raised in his responding brief on remand, that plaintiff failed to serve the Surrogate Court as a necessary party under N.J.S.A. 3B:14-47, plaintiff's counsel referenced the May 1, 2018 dismissal of the surrogate's matter attached to its submission – more than one year before plaintiff filed its complaint. Further, plaintiff's search included the Surrogate Court, which yielded the Court Street address as defendant's "legal address and it had never been updated."

Shorly after defendant filed his March 16, 2023 notice of appeal from the February 3, 2023 order, the United States Supreme Court issued its decision in Tyler. The Court recognized a Fifth Amendment Takings Clause violation

where the holder of a tax lien acquires title to real property whose fair market value exceeds the amount necessary to redeem the lien. <u>Tyler</u>, 598 U.S. at 647.[5]

Defendant thereafter moved for a remand to the trial court, contending his appeal "is no longer ripe" as he is entitled to just compensation under <u>Tyler</u>. <u>Ivy Holdings, LLC v. Tucker</u> (<u>Ivy Holdings II</u>), No. A-2076-22 (App. Div. Sep. 7, 2023) (slip op. at 2). Defendant argued whether he was properly served with the foreclosure complaint no longer was at issue. <u>Id.</u> at 2.

We denied defendant's motion without prejudice, in "the interests of the parties and judicial economy." <u>Ibid.</u> We concluded whether the final foreclosure judgment was properly issued "may be critical to the analysis of plaintiff's argument that the holding in <u>Tyler</u> does not apply to [defendant]'s takings claim and to the question of when a taking, if any, occurred." <u>Ibid.</u> We

---

[5] In the wake of <u>Tyler</u>, our Supreme Court issued a Notice to the Bar providing the Office of Foreclosure was temporarily suspended from recommending final judgment in tax sale certificate matters filed after May 25, 2023. Sup. Ct. of N.J., <u>Notice to the Bar: Tax Foreclosures - (1) Suspension of Office of Foreclosure Recommendations of Final Judgment; and (2) Relaxation of Court Rules</u> (July 12, 2023).

emphasized defendant could pursue a takings claim in the Chancery Division on remand "regardless of the outcome" of the present appeal. Ibid.[6]

Following the July 10, 2024 enactment of legislation in response to Tyler, N.J.S.A. 54:5-86 to -87, we permitted the parties to file supplemental briefs addressing its application to the present matter. Plaintiff raises two arguments, contending "a tax foreclosure upon abandoned property is not afforded the same rights of a sheriff sale procedure" and the new legislation clarified those procedures are inapplicable in this matter because "[f]inal [j]udgment was already entered." Thus, plaintiff asserts the only issue before us is whether it satisfied the diligent inquiry standard for substituted service.

In his supplemental responding brief, defendant countered: the City wrongfully determined the property was abandoned; New Jersey's abandoned property statute, N.J.S.A. 55:19-78 to -107, "is prima facie unconstitutional

---

[6] Three months later, this court held Tyler applies to this state's Tax Sale Law, N.J.S.A. 54:5-1 to -137, and a third-party foreclosure on a tax sale certificate issued by a municipality depriving a property owner of equity in the property beyond what is necessary to satisfy the certificate constitutes a taking under the Fifth Amendment. 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023), certif. granted, 256 N.J. 535 (2024). We also held relief under Rule 4:50-1(f) is appropriately granted where a property owner makes a timely application to vacate a final judgment of foreclosure on a tax sale certificate accompanied by a credible proffer to timely redeem the certificate in order to avoid a deprivation of significant excess equity in the property. Id. at 368-69.

under <u>Tyler</u>"; N.J.S.A. 54:5-86 and -87, as revised, only applies to future cases; and N.J.S.A. 54:5-86 violates the Eight Amendment's Excessive Fines Clause.

## II.

We commence our review by defining the task at hand. We have long recognized when adjudicating a matter returning to the Appellate Division following a remand, our scope of review is limited. <u>See</u> <u>Deverman v. Stevens Builders, Inc.</u>, 35 N.J. Super. 300, 302 (App. Div. 1955). "It is not our function . . . to allow a collateral review of the first decision of this Division but only to adjudge whether it has been complied with." <u>Ibid.</u>; <u>see also</u> <u>Tomaino v. Burman</u>, 364 N.J. Super. 224, 232 (App. Div. 2003).

In accordance with our remand instructions in <u>Ivy Holdings I</u>, the successor judge's oral decision contains ample findings of fact on the motion record as supplemented by the parties. The judge thoroughly considered the parties' contentions in view of the governing law, including the strict scrutiny of a diligent inquiry certification required under <u>M & D Associates</u>, 366 N.J. Super. at 353. Citing our decision, <u>see</u> <u>id.</u> at 354, the judge further recognized, "[w]here there is substituted service as well a tremendous disparity between the amount due on the tax certificates and the value of property subject to foreclosure careful

scrutiny of the affidavit of inquiry requires the Chancery judge to demand more than a cursory inquiry or recital."

Addressing "the M & D standard," the judge made factual findings regarding plaintiff's efforts to serve plaintiff personally before resorting to substituted service. The judge summarized those efforts, which included search of the Surrogate Office's records listing the Court Street address. Further, the judge found plaintiff's processor server attempted to serve defendant and Young at that address but was advised "Young had moved out and [defendant] . . . did not reside in any of the units there." A postal search "revealed nothing." Regarding defendant's argument that he was incarcerated when plaintiff attempted service, the judge noted plaintiff's skip search "showed no criminal activity." The judge further found even if plaintiff had conducted a PROMIS/gavel search, it would not have revealed a match to defendant's name as his middle initial was not "H." The judge thus found plaintiff performed all "requisite searches" thereby satisfying the diligent inquiry standard under M & D Associates.

We have considered defendant's challenges to the sufficiency of plaintiff's search in view of the applicable law and the judge's findings and conclude they lack sufficient merit to warrant extended discussion in our written opinion.

R. 2:11-3(e)(1)(E).  We affirm substantially for the reasons expressed by the motion judge in his well-reasoned decision, adding the following remarks.

In his decision, the judge did not expressly address defendant's newly asserted claim before him that plaintiff failed to serve the Surrogate.  Citing N.J.S.A. 3B:14-47, defendant briefly argues "[t]he Surrogate had the power of attorney to receive process for the estate and was never served."  He maintains the Surrogate was a necessary party as the tax liens were against the property, which was owned by his father's estate.  Defendant also asserts, without support, the Surrogate may have contacted Young, as the administrator of the estate, "who could have learned of [defendant]'s whereabouts and notified him or forwarded the information to . . . [p]laintiff."

Defendant's argument fails for two reasons.  Initially, as plaintiff demonstrated on remand, its search revealed "[t]he Surrogate matter was dismissed on May 1, 2018."  Secondly, plaintiff's public records search showed the address on record in that matter was the same Court Street address uncovered via plaintiff's skip trace search.  On this record, we are satisfied plaintiff's failure to serve the Surrogate does not warrant vacating the final foreclosure judgment.

Lastly, we turn to the parties' dueling arguments under Tyler and our state's legislative action that followed.  As these matters were not, because they

could not have been, raised before the motion judge, we remand the issues for the reasons expressed in <u>Ivy Holdings II</u>, slip op. at 2-3.  As we explained, on this second remand:

> We leave to the Chancery Division . . . when the taking, if any, took place, whether [defendant] has established that the subject property had at the time of the taking a fair market value in excess of the amount necessary to redeem the tax lien, including whatever costs are permitted by statute and legal precedents, and whether the City of Elizabeth, which we presume, without deciding, is the entity that would be responsible to provide just compensation in the event of a taking, should be added as a party to the Chancery Division action.
>
> [<u>Ibid.</u>]

Affirmed in part, vacated and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2076-22