**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2610-23

GAIL STAMLER,

      Plaintiff-Respondent,

v.

SHASTRI PERSAD,

      Defendant-Appellant.

_____

> Submitted May 20, 2025 – Decided June 12, 2025
>
> Before Judges Smith and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0309-19.
>
> Shastri Persad, appellant pro se.
>
> Vastola & Sullivan, attorneys for respondent (Jordan S. Friedman, on the brief).

PER CURIAM

This matter returns to us after a remand to the Law Division for further findings pursuant to Rule 1:7-4 on defendant Shastri Persad's motion to vacate default. Stamler v. Persad ("Stamler I"), No. A-2610-23 (App. Div. Jan 3, 2024) (slip op. at 1-7). On remand, the trial court allowed for additional briefing and following argument on March 28, 2024, denied relief in an oral decision and memorializing order and statement of reasons. On appeal, defendant again contends that the trial court failed to comply with Rule 1:7-4. We affirm.

I.

We incorporate by reference the facts and procedural history set forth in our initial opinion. Stamler I, slip op. at 1-3. We reiterate those facts and events that are pertinent to the present appeal.

This dispute arises from Persad's breach of a commercial guaranty of a loan by plaintiff Gail Stamler to New Jersey Wholesale Properties, LLC ("Wholesale"). Id. at 1. Persad was the sole member of Wholesale and guarantor on Stamler's loan in the amount of $85,000, which provided funding for Wholesale's rehabilitation of commercial real estate located in Newark. Ibid.

Wholesale defaulted on the loan. Ibid. In January 2018, a final judgment of foreclosure was entered against Wholesale and in Stamler's favor. The property was sold at a sheriff's sale in August 2018. Id. at 1-2.

In January 2019, Stamler filed a complaint against Persad to pursue the deficiency on the promissory note, as guaranteed under the commercial guaranty. Id. at 2. The trial court permitted substituted service of the complaint by publication and mail. Ibid. Proof of service was filed in July 2021. Ibid. In August 2021, default was entered against Persad. Ibid. In July 2022, the trial court entered default judgment against Persad in the amount of $154,661.68. Ibid.

## II.

We commence our review by defining the task at hand. We have long recognized when adjudicating a matter returning to us following a remand, our scope of review is limited. See Deverman v. Stevens Builders, Inc., 35 N.J. Super. 300, 302 (App. Div. 1955). "It is not our function . . . to allow a collateral review of the first decision of this Division but only to adjudge whether it has been complied with." Ibid.; see also Tomaino v. Burman, 364 N.J. Super. 224, 232 (App. Div. 2003).

On appeal, defendant again maintains the court failed to provide adequate findings of fact and conclusions of law supporting its decision. Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all

3

actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ." Findings of fact and conclusions of law are also required on "'every motion decided by [a] written order[] . . . appealable as of right.'" Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)).

In line with our instructions from Stamler I, the judge's oral decision and written reasoning include detailed findings of fact. First, the judge explained that the court had correctly approved service through publication and regular mail. Then, the judge confirmed that proof of mailing and publication was provided, and the regular mail was not returned. Finally, the judge found that the motion for default was properly served, and the default judgment was correctly entered.

Although defendant moved for vacation of the default judgement under Rule 4:43-3, the judge considered the parties' contentions in view of the governing law, Rule 4:50-1.[1] Under subsection (a) of Rule 4:50-1, a "defendant seeking to set aside a default judgment must establish that [their] failure to answer was due to excusable neglect and that [they have] a meritorious defense."

_____

[1] Rule 4:43-3 is reserved for setting aside a default, while the more stringent requirement for setting aside a default judgment is under Rule 4:50-1.

Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007)). Here, the court highlighted that defendant "provided no grounds setting forth excusable neglect." Lastly, the court determined that the defendant had no likelihood of success because a defense was not offered, and defendant guaranteed a commercial loan that was not paid. These determinations complied with Rule 1:7-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2610-23